UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JIMENDRICK CLENON SHEDD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 21-155-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| USA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner and federal inmate Jimendrick Clenon Shedd is currently confined at the Federal Correctional Institution ("FCI")–Manchester located in Manchester, Kentucky. Proceeding without an attorney, Shedd has filed a "Motion for Sentence Reduction/Requesting Missing Credits in Accordance to Federal Sentencing Guidelines." [Record No. 1]  For administrative purposes, his motion has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Shedd's petition is not filed on a form approved for use by this Court as required by Local Rule 5.3.  Further, Shedd did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914.  While Shedd did file a motion for leave to proceed *in forma pauperis* [Record No. 3], it is not supported by inmate account information that is certified by prison staff as required by 28 U.S.C. § 1915(a)(2).[1]  Thus, Shedd's motion will be denied.

---

[1] A motion to pay the filing fee in installments filed pursuant to § 1915 must be accompanied by "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2) (emphasis added).

Even so, the Court has reviewed Shedd's filing and concludes that it must be dismissed, as it seeks relief that is unavailable in a § 2241 proceeding.[2] Shedd's petition seeks compassionate release in light of his health condition and the COVID-19 pandemic. However, Shedd was sentenced by the United States District Court for the Eastern District of Texas, not this Court. *See United States v. Shedd*, 6:17-cr-0072-JDK-JDL-6 (E.D. Tex. 2017). A motion for compassionate release, which is a motion for modification of a sentence pursuant to 18 U.S.C. § 3582, must be made to the Court that sentenced Shedd. Therefore, it may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). *See Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) ("[A]lthough the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment.").

A review of the docket in Shedd's criminal case shows that he previously filed a motion for compassionate release in the Eastern District of Texas based upon his purported health conditions and the COVID-19 pandemic. *United States v. Shedd*, No. 6: 17-cr-0072-JDK-JDL-6 (E.D. Tex. 2017) at Record No. 377. After the Government filed a response objecting to Shedd's motion and the matter was fully briefed, the Court denied Shedd's request. *Id*. at Record No. 380, 382.

---

[2] A petition filed pursuant to 28 U.S.C. § 2241 is subject to initial screening by the Court as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The denial of Shedd's motion by the sentencing court does not permit Shedd to circumvent that decision by attempting to pursue the same relief in this Court. *See Wilson*, 961 F.3d at 838 (6th Cir. 2020) ("A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress."). Thus, Shedd may not pursue his claim for "compassionate release" in this Court via a § 2241 habeas petition.

Although the majority of Shedd's motion is dedicated to his request for compassionate release in light of his health conditions and the COVID-19 pandemic, at the end of his 57-page motion, Shedd states that he "was not sentence[d] in accordance with the federal sentencing guideline charts and did not receive all his credits there are more than two credits missing according to the guidelines." [Record No. 1 at p. 56] Shedd provides no further information regarding what "credits" he believes were "missing" from his sentencing guidelines calculation, nor does he offer any further details regarding the factual or legal basis for this claim.

Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, Shedd must still articulate sufficient facts to state a claim for relief. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to § 2241 habeas corpus petitions). *See also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Shedd's fleeting reference to a potential sentencing guideline error, devoid of any further explanation or supporting factual allegations, is insufficient to sustain this burden.

Moreover, to the extent that Shedd challenges the legality of his sentence, he fails to articulate any grounds for the Court's consideration of that challenge in a § 2241 petition. In almost all circumstances, 28 U.S.C. § 2255 is the proper vehicle for such a claim. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021) ("[S]ection 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court."). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Shedd makes no attempt to explain why § 2255 is an inadequate or ineffective vehicle for him to challenge his sentence, nor does he show that he had no prior opportunity to raise this claim. Notwithstanding these facts, because Shedd's claim that the sentencing guidelines were erroneously applied is a claim that may be asserted on direct appeal or in a § 2255 motion, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible.

For the above-stated reasons, Shedd's "Motion for Sentence Reduction/Requesting Missing Credits in Accordance to Federal Sentencing Guidelines," construed as a § 2241 petition, will be denied. Accordingly, it is hereby

**ORDERED** as follows:

-5-

    1.    Shedd's motion for leave to proceed *in forma pauperis* [Record No. 3] is **DENIED**.

    2.    Shedd's "Motion for Sentence Reduction/Requesting Missing Credits in Accordance to Federal Sentencing Guidelines" [Record No. 1], construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is **DENIED**.

    3.    This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: September 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky